IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEAN CARTER**, as Administratix of the **ESTATE OF MARK FRAZIER**, <br><br> *Plaintiff,* <br> v. <br><br> **WELLPATH LLC**, *et al.*, <br><br> *Defendants.* | Case No. 2:22-cv-01050-JDW |

**MEMORANDUM**

Jean Carter, Administratix of the Estate of Mark Frazier, has reached a settlement with Wellpath LLC, Jacques Leclerc, M.D., Stephen Kaminsky, P.A., Joseph Walsh, P.A., and Annette Voltz, R.N. (collectively "Defendants") to resolve her claims alleging violations of 42 U.S.C. § 1983 brought pursuant to Pennsylvania Wrongful Death and Survival Statutes at 42 Pa. C.S. § 8301 and § 8302. Ms. Carter has asked for approval of the settlement because it involves the estate of her deceased husband, Mr. Frazier. I will approve the Parties' proposed settlement and request for attorneys' fees.

I. BACKGROUND

In April 2020, Mark Frazier was an inmate at SCI Phoenix. Defendants were responsible for providing medical care to inmates. During Mr. Frazier's intake to SCI Phoenix, he informed prison staff of his preexisting medical conditions and prescription medications, including the anticoagulation medication Warfarin. On the morning of April

21, 2020, Mr. Frazier fell in his cell and sustained a head injury. A nurse took him to the infirmary/. Ms. Voltz did not call an ambulance right away. Mr. Frazier was in the infirmary for three hours before someone called an ambulance. When emergency personnel began loading Mr. Frazier onto a stretcher, he had a seizure. Mr. Frazier then went via helicopter to Penn Presbyterian Medical Center, where he was diagnosed with a subdural hemorrhage. He died on April 24, 2020, from blunt impact trauma to the head.

Ms. Carter is the sole beneficiary to her husband's estate. On March 18, 2022, Ms. Carter commenced this action in her capacity as administratrix of his estate, seeking compensatory damages and attorneys' fees and costs. On July 26, 2023, the Parties reached a settlement, and Ms. Carter has moved for approval of that settlement.

## II.  ANALYSIS

Pennsylvania law requires court approval for any settlement involving an estate. *See* 20 Pa. C.S. § 3323.[1] Section 3323 also allows the Court to review and approve "an agreement for the payment of counsel fees and other proper expenses." 20 Pa. C.S. § 3323(b)(1). The judicial approval requirement is intended to "protect the estate, as well as the creditors and beneficiaries thereof." *Moore v. Gates*, 580 A.2d 1138, 1141 (Pa. Super. Ct. 1990).

---

[1] For some reason, Ms. Carter did not cite Section 3323 in moving for settlement approval. Instead, she left it to me to guess what legal rule required me to approve and governed the approval of her settlement.

In determining the "fair value of [a] lawsuit," I will give "considerable weight" to the consensus of parties represented by counsel because the lawyers and parties are closer to the case and have a better handle on the risks and upsides of the litigation. *Matter of McLean Contracting*, No. 14-cv-5676, 2017 WL 2618855, at *1 (E.D. Pa. June 16, 2017) (quoting *Calvert v. Gen. Acc. Ins. Co.*, No. 99-cv-3599, 2000 WL 124570, at *6 (E.D. Pa. Feb. 2, 2000)). In this case, I have no reason to second guess counsel's valuation of the case. Counsel for both parties participated in settlement negotiations in good faith in front of Magistrate Judge Scott Reid. Ms. Carter requests the entirety of the proposed settlement proceeds be allocated as wrongful death damages, which benefits the estate, rather than her personally. The Pennsylvania Department of Revenue consents to this allocation. Because "there is nothing inherently suspect or improper about a settlement allocation favoring wrongful death beneficiaries," I find the proposed settlement amount and allocation is reasonable. *Tamasy v. Yough School District*, No. 18-cv-01236, 2019 WL 5864893, at *2 (W.D. Pa. Nov. 8, 2019).

When addressing the reasonableness of attorney's fees, "courts should [also] be reluctant to disturb contingent fee arrangements freely entered into by knowledgeable and competent parties." *Ryan v. Butera, Beausang, Cohen & Brennan*, 193 F.3d 210, 215 (3d Cir. 1999). Under a contingent fee agreement, Ms. Carter's counsel seeks one third of the gross settlement amount as legal fees, in addition litigation costs. Contingent fee agreements of this amount are commonplace, and Ms. Carter's counsel took on risk in

3

pursuing this case for which he should be rewarded. I therefore conclude that that the fee are reasonable under the circumstances.

## III. CONCLUSION

For the reasons set forth above, I will approve the proposed settlement agreement and request for attorney's fees. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
HON. JOSHUA D. WOLSON
United States District Judge

September 28, 2023